Tucker, P.
In whatever light we view this case, I am satisfied that the decree of the court of chancery is right. If we consider it in the way in which the facts present it, there can be no doubt that the original transaction was fraudulent as to the creditors of Terrell, who gave- the bond and executed the deed of trust to a near connexion for the purpose of protecting his property from their demands. The legal consequence is, that though the transaction was void as to Terrell’s creditors, it was binding between the parties. See the statute of frauds, 1 Rev. Code, ch. 101. § 2. p. 372. and the case of Starke's ex’ors v. Littlepage, 4 Rand. 368. And thus it follows that the transfer to Tmboden’s creditors gives them complete title as against Terrell himself, though that title would be defeasible by his creditors, if he has any at this time. Had Imboden’s creditors pursued him to insolvency, instead of taking the assignment of this bond and the deed of trust, Imboden would have been bound to surrender the bond as part of his available estate, and Terrell could not have gainsaid the payment.
Such is the case presented, divested of all technicality. Let us look at it, however, according to strict legal rules. The plaintiff files his bill, setting forth that the debt was unjust in its origin, as he never received a cent of consideration, and was induced to execute the bond and deed by delusive promises never performed. What they were he does not state, but contents himself with these vague generalities. If, as I think is apparent from the whole case, this form of the bill was adopted as a veil to the real transaction, and because the plaintiff knew that a disclosure of the truth would be fatal to him, then the case is very much like that of James v. Bird’s adm’r, 8 Leigh 510. in which the plaintiff equally evaded a disclosure of the fraudulent transaction, but the court nevertheless, upon the proofs of its character, dismissed his bill. In this case, in *330 deed, the plaintiff had a difficult game to play. If he attempted to shew by the proofs, or by Imboden’s answer, that there was no consideration, out would come the fraud. If he failed to shew the want of consideration, then the bond and deed of trust were unassailed, and there was no equity for him to rest upon. Driven to this strait, he calls on Imboden to answer, who discloses the original fraudulent object of the transaction, and then proceeds unscrupulously to set forth his own multiplied iniquities in relation to this debt. He transfers it for the payment of his own debts, in violation of the trust reposed in him, and then endeavours to defeat this transfer by signing a receipt acknowledging payment, when no such payment had been made. His fraud is gross and palpable: so gross, that if others were not interested, I should not only deny him the right to make such a defence, but should feel anxious to relieve his less guilty confederate, if the rules of the court would permit it.
But others are parties in interest, and parties to the cause. The creditors have answered, declaring their belief, when they took the assignment, that the bond was on good consideration and the debt a just debt; but that in any aspect they were entitled to it. Now if Imboden’s answer and his declarations proved by his mother are put out of the case, it is the naked case of a bond and deed of trust assailed on the ground of want of consideration, where the equity of the bill is denied, and there is no proof whatever in support of it. On the other hand, if Imboden’s answer and declarations are evidence, then they prove the fraud beyond question, and the case is precisely that of James v. Bird’s adm’r, in which, though the bill did not distinctly disclose the fraud, it was dismissed upon proof of it. But in truth the answer of Imboden is evidence against the plaintiff who has called for it, whether it was evidence against the creditors or not. Field v. Holland, 6 Cranch
*331 9. And even though he could not avail himself of such ° . . a defence, yet his assignees have a right to use his answer and his declarations against the plaintiff, as the plaintiff himself has brought them into the cause.
As to the receipt, it is of no account. It was given after the assignment, and with full notice of it. This is indeed denied by the bill, but proved by the answer, without the evidence of which, there is no proof of the receipt whatever. Reject the proof, and the receipt is out of the case: admit it, and it is fraudulent. It is then no evidence against the creditors. Starkie on Evid. part 4. p. 32. Pocock v. Billing, 2 Bing. 269. 9 Eng. C. L. Rep. 409. Frear v. Evertson, 20 Johns. Rep. 142. Dade’s adm’r v. Madison, 5 Leigh 401. and the cases there cited.
In every view of the case, I am of opinion that the decree should be affirmed.